**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                                        Respondent,

v.

Anita Gearhart,                                              Appellant.

———————

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-480
Submitted June 1, 2012 – Filed August 8, 2012

———————

**AFFIRMED**

———————

Scott D. Robinson, of Greenville, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General David Spencer, all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  Anita Gearhart appeals her conviction of unlawful conduct towards a minor, arguing the trial court erred in denying her motion for severance.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v. Halcomb, 382 S.C. 432, 439, 676 S.E.2d 149, 152-53 (Ct. App. 2009) ("A motion for severance is addressed to the sound discretion of the trial court.  The trial court's ruling will not be disturbed on appeal absent an abuse of that discretion." (citations omitted)); State v. Spears, 393 S.C. 466, 475, 713 S.E.2d 324, 328-29 (Ct. App. 2011) ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced." (internal quotation marks omitted));  State v. Tucker, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown.  Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.